Filed 10/22/20  P. v. Lewis CA4/2
See Concurring Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072446 |
| v. | (Super.Ct.No. RIF1102889) |
| PAUL DIXON LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Paul Dixon Lewis appeals from an order of the Riverside County Superior Court denying his Health and Safety Code section 11361.8[1] (Prop. 64, eff. Nov. 9, 2016) petition to reduce to a misdemeanor his conviction for possession of marijuana. We find his claim is res judicata and dismiss his appeal.

## BACKGROUND

While defendant was serving a 49-year state prison sentence on charges related to the rape of a 15-year-old girl, correctional officers found in his possession 25 plastic bindles of marijuana with a combined weight of 13.2 grams. In June 2012, a jury convicted him of two felonies: unlawful possession of marijuana while in a correctional center (Pen. Code, § 4573.6, count 1) and possession of marijuana for sale (Health & Saf. Code, § 11359, count 2). The court imposed an indeterminate sentence of 25 years to life on both counts but, pursuant to Penal Code section 654, stayed the sentence as to count 2.

The Control, Regulate and Tax Adult Use of Marijuana Act, as approved by voters, General Election, November 8, 2016 (Prop. 64), resulted in changes to the Health and Safety Code. Those changes included making it lawful (subject to some exceptions) for a person over the age of 21 to possess no more than 28.5 grams of unconcentrated cannabis and reducing the penalty for possession of marijuana for sale from a minimum two-year prison term to a maximum county jail term of six months or by a fine not to exceed $500, or by a combination of a fine and jail term. (§§ 11359, subd. (b), 11362.1.) A person serving a sentence for a marijuana conviction who would not have been guilty

---

[1] All statutory references are to the Health and Safety Code unless otherwise indicated.

2

of an offense, or would have been guilty of a lesser offense, had Proposition 64 been in effect at the time of the offense, may petition the court that entered the judgment for a recall or dismissal of the sentence. (§ 11361.8, subd. (a).) The sentencing court may deny a petition upon a finding that the defendant poses an unreasonable risk of danger to public safety. (§ 11361.8, subd. (b).)

Proposition 64 also added subdivision (d) of Health and Safety Code section 11362.45. That subdivision provides that Health and Safety Code section 11362.1 did not amend, repeal, affect, restrict, or preempt laws pertaining to *smoking* or *ingesting* cannabis or cannabis products within any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation. The issue whether Proposition 64 removed *possession* of marijuana in prison from the reach of Penal Code section 4573.6, under which defendant was convicted, is currently pending in the Supreme Court in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978 (*Raybon*).

*Defendant's first petition for resentencing pursuant to Proposition 64*[2]

In February 2017, defendant petitioned the trial court pursuant to subdivision (b) of section 11361.8 to reduce the sentences imposed for the 2012 felony convictions for possession and possession for sale of marijuana while in prison. (*People v. Lewis*, *supra*, E068789.) The petition was denied in June 2017 on the grounds that defendant would

---

[2] On June 15, 2020, we granted the People's request for judicial notice of the record and opinion in the prior appeal. (*People v. Lewis* (Dec. 15, 2017, E068789) [nonpub. opn.].)

3

pose an unreasonable danger to public safety in view of the three "super strikes" on his record and the requirement that he register as a sex offender.  Defendant appealed the denial to this court.  (*People v. Lewis*, *supra*, E068789.)

Defendant's counsel in that appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  Defendant filed a supplemental brief, claiming his petition should have been granted because his convictions for possession of marijuana in a penal institution (Pen. Code, § 4573.6) and for possession of marijuana for sale (Health & Saf. Code, § 11359) are eligible for Proposition 64 relief.  We addressed defendant's claim and found that the trial court properly exercised its discretion in denying defendant the relief requested.  (*People v. Lewis*, *supra*, E068789.)  We also conducted an independent review of the entire record pursuant to *People v. Kelly* (2006) 40 Cal.4th 106 and found no arguable issues.  (*People v. Lewis*, *supra*, E068789.)  Defendant's petition for review was denied on February 23, 2018, and the remittitur issued on the same day.

*Defendant's second petition for resentencing pursuant to Proposition 64*

In November 2018, defendant again petitioned for resentencing pursuant to subdivision (b) of section 11361.8, claiming the marijuana-related convictions were no longer felony strike offenses because of the passage of Proposition 64 and should be reduced to misdemeanors.

The February 7, 2019 hearing on the petition was held before a different judge than the one who heard defendant's 2017 section 11361.8 petition.  (*People v. Lewis*,

*supra*, E068789.)  Defendant assured the court that he wished to proceed in propria persona and made no mention of the earlier petition.  After resolving defendant's confusion as to which count was the principal one, the court reduced to a misdemeanor the Health and Safety Code violation (count 2).  The sentence for that violation had been stayed when the judgment was entered.  As to the sentence on the principal count, the court found possession of marijuana in a correctional center in violation of Penal Code section 4573.6 was not transformed into a misdemeanor by Proposition 64.

Defendant's appeal from that decision is the one now pending before this court.

## DISCUSSION

No mention of defendant's first petition for Proposition 64 relief was made at the hearing on his second petition or in the initial briefs submitted by the parties in this appeal from the denial of the second petition.  We asked the parties to submit supplemental briefing to address whether, in view of our affirmance of the denial of defendant's request for resentencing pursuant to Proposition 64 in *People v. Lewis*, *supra*, E068789, the principle of res judicata forecloses his challenge in this appeal of the denial of his subsequent request for resentencing pursuant to the same proposition made in the same case.  Defendant argued that the doctrine does not apply; the People argued that it does.  We agree with the People.

Res judicata bars the bringing of a second action between the same parties on the same cause of action, giving conclusive effect to a former judgment in subsequent litigation involving the same controversy.  (*People v. Barragan* (2004) 32 Cal.4th 236,

5

252 (*Barragan*).) Application of the doctrine requires (i) the issue or claim be identical to a claim or issue raised in a prior proceeding, (ii) the prior proceeding must have resulted in a final judgment on the merits, and (iii) the party against whom the doctrine applies must have been a party (or in privity with a party) in the prior proceeding. (*Id.* at pp. 252-253.)

All three elements are present in this case. In each of his petitions, and in his appeals from the denials of them, defendant's argument is the same, that is, the sentences imposed following his conviction for possession of marijuana in prison and possession of marijuana for sale should be reduced pursuant to Proposition 64. The first denial of defendant's petition resulted in a final judgment on the merits. Defendant was the moving party with respect to each petition and the appellant in each of the appeals resulting from the denial of those petitions. Accordingly, the doctrine of res judicata applies here. Defendant is, therefore, precluded from challenging in this court the trial court's denial of his November 2018 petition to reduce to a misdemeanor his conviction for possession of marijuana in prison.

In his supplemental briefing, defendant claims any issue of res judicata has been forfeited because the People failed to raise the issue in the trial court and because the trial court's reduction of count 2 (possession of marijuana for sale) "undermine[s] any inference that relief was presently unwarranted due to [defendant] posing any current risk to public safety." We are not persuaded. A reviewing court may avoid unnecessary judicial waste by dismissing sua sponte a matter it has previously decided. (*Arizona v.*

6

*California* (2000) 530 U.S. 392, 412.) And, we fail to discern how the court's reduction of count 2 to a misdemeanor impacts the forfeiture issue, but certain it is that the court's reduction of an already stayed sentence has no impact on a prior final finding in the same case that defendant poses a risk to public safety.

Defendant points to the recent opinion in *People v. Ruiz* (2020) 49 Cal.App.5th 1061 (*Ruiz*) in support of his claim that the doctrine of res judicata should not be applied here. That case, which involved two separate motions to vacate the same sentence on the grounds of inadequate advisements concerning the immigration consequences of Ruiz's plea, is decisively distinguishable. (*Id.* at pp. 1065-1066.) After Ruiz's first motion was denied, the Legislature amended the applicable statute to provide a new, more lenient standard to retroactively challenge an invalid prior conviction, effectually providing a new legal right to relief. (*Id.* at pp. 1066-1067.) And, the Legislature made clear its intent for the amended statute to be applied retroactively. (*Id.* at p. 1067.) It was, therefore, error for the trial court to find Ruiz was precluded from bringing a new motion to vacate her conviction based upon the amended statute. (*Id.* at p. 1070.) Here, unlike in *Ruiz*, there was no substantive change in the law between the defendant's first motion and his second one.

Defendant also relies on *Barragan* in support of his claim that res judicata should not apply to his second petition. His reliance is misplaced. In *Barragan*, the Supreme Court held that, when a conviction is reversed on appeal for lack of sufficient evidence, retrial of the defendant on the issue is not precluded by res judicata because there is no

final decision on the merits regarding the truth of the alleged conviction. (*Barragan*, *supra*, 32 Cal.4th at pp. 253-254.) In this case, as explained *ante*, when defendant petitioned for resentencing in this case, there had already been a final decision on the merits of his claim that he should not benefit from Proposition 64.

Defendant is correct *Barrigan* acknowledged the public policy considerations underlying the doctrine of res judicata—preservation of the judicial system's integrity, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation—may warrant an exception to claim preclusion if the issue presented is a question of law rather than of fact. (*Barragan*, *supra*, 32 Cal.4th at p. 256.) Defendant is not correct, however, that an exception is warranted here.

Defendant argues that an exception to the res judicata doctrine is justified because it would be inherently inequitable to dismiss his appeal before deciding the issue whether Proposition 64 decriminalized possession of up to 28.5 grams by a person 21 years or older who is in state prison. (See *Raybon*, *supra*, 36 Cal.App.5th 111, pending in the Supreme Court in case No. S256978.) His theory is that it is fundamentally unfair to him to deny his request for resentencing in view of the fact that another defendant in a future case might prevail on the argument that in-prison marijuana possession was decriminalized by Proposition 64. We are not persuaded. The potential difference in outcome of the cases in that scenario is simply the way the proverbial cookie often crumbles when a new development in the law mitigates punishment of convicted persons. Finality of judgment is the usual and well-settled dividing line between a defendant who

8

can take advantage of an ameliorative change in the law and a defendant who cannot. (E.g., *People v. McKenzie* (2020) 9 Cal.5th 40, 43-44 [change in law eliminating drug conviction enhancement applies to cases in which the sentence is not yet final]; *People v. Scott* (2014) 58 Cal.4th 1415, 1419 [defendant not entitled to the benefit of the Realignment Act if the order imposing the sentence is final]; *People v. Nasalga* (1996) 12 Cal.4th 784, 787, 797-798 [defendant is entitled to change in law increasing threshold monetary amount of victim loss for charge as a felony if the judgment is not final when change effected]; *In re Estrada* (1965) 63 Cal.2d 740, 745-748 [reduction in sentence for escape from custody if done without force or violence applies only to cases not yet final].)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ\
P. J.

I concur:

CODRINGTON\
J.

9

[*People v. Lewis*, E072446]

RAPHAEL, J., Concurring.

I join today's opinion, as I agree that res judicata prohibits defendant and appellant Paul Dixon Lewis from litigating a petition for resentencing that he has already lost once.

The issue he raises, however, is pending before our Supreme Court in *People v. Raybon* (2019) 36 Cal.App.5th 111, pending in case number S256978 (*Raybon*). In the final paragraph of today's opinion, we determine that we will not permit this appeal to remain pending awaiting a decision in *Raybon*. I agree with that, but I write separately to state that I do not think that paragraph should be read as determining that res judicata necessarily renders Lewis ineligible for relief, even if the Supreme Court in *Raybon* concludes that Proposition 64 eliminated the felony crime of possession of marijuana in a correctional center. On Lewis's current petition, the trial court ruled that Proposition 64 did not do so. On his first petition, our court performed a review under *People v. Wende* (1979) 25 Cal.3d 436 and stated that Lewis had no arguable issues. "Res judicata does not apply when the proceeding in which the doctrine is invoked involves different substantive law than the previous proceeding." (*Ronald F. v. State Department of Developmental Services* (2017) 8 Cal.App.5th 84, 93.) Res judicata, then, may not mandate dismissal if the Supreme Court in *Raybon* indicates that Lewis's principal conviction is no longer a felony, and Lewis invokes that case in filing a new petition pursuant to Health and Safety Code section 11361.8.

RAPHAEL

J.

1